**PERCY GALBREATH & SON, INC., Appellant,**

v.

**Charles A. WATKINS and Elleanor J. Watkins, his wife, Charles A. Watkins, Carlos Marberry, Jerry Adams, Kenneth Watkins, Gary Cain and Bill McKnight, d/b/a Watkins Investments, a general partnership, and Watkins Investments, Kenneth and Austin Wise, d/b/a W & W Construction Company, W. H. Carter and Harold Carter, d/b/a Carter's Bulldozer Services, Modern Welding Company, Inc., Southern Fence & Landscaping Company, Central Concrete, Inc., West State Steel Co., Inc., Tri-State Construction Company, Lowe's of Elizabethtown, Inc., A. C. Miller, Jack C. Dodson, Inc., Climate Control of E'Town, Inc., Burnett's, Inc., the Jenkins-Essex Co., Inc., Odis Bell, d/b/a General Woodworking Company, Charles White Company, Inc., Howard W. Pence, Inc., Bill Wheeler, d/b/a Bill Wheeler Painting & Drywall Company, James Matthews, d/b/a E'Town Glass Company, Bob Reeves, d/b/a Bob's Sign Service, Commonwealth of Kentucky, Department of Human Resources ex rel. Division of Unemployment Insurance, Tractor Supply Company, Appellees.**

Court of Appeals of Kentucky.

Dec. 23, 1977.

John L. Arnett, Collier, Arnett, Coleman & Cooper, Elizabethtown, for appellant.

D. Michael Coyle, Huddleston, VanZant & Coyle, Elizabethtown, Warning Order Atty., for Charles A. Watkins and Elleanor J. Watkins, his wife, Charles A. Watkins, Carlos Marberry, Jerry Adams, Kenneth Watkins, Gary Cain and Bill McKnight, d/b/a Watkins Investments, a General Partnership, and Watkins Investments.

Dwight Preston, Lewis, Bland & Preston, Elizabethtown, for Kenneth and Austin Wise, d/b/a W & W Const. Co., W. H. Carter and Harold Carter d/b/a Carter's Bulldozer Services, Central Concrete, Inc., Jack C. Dodson, Inc., Burnett's Inc.

Jesse T. Mountjoy, Sandidge, Holbrook & Craig, Owensboro, for Modern Welding Company, Inc.

W. Currie Milliken, Milliken & Milliken, Bowling Green, for Southern Fence & Landscaping Co.

E. P. Barlow Ropp, Travis, Ropp & Davis, Glasgow, for West State Steel Co., Inc.

Keith M. Carwell, English, Lucas, Priest & Owsley, Bowling Green, for Tri-State Const. Co.

James L. Pate, Jr., Pate, Richardson & Bailey, Elizabethtown, for Lowe's of Elizabethtown, Inc., A. C. Miller, The Jenkins-Essex Co., Inc., Odis Bell, d/b/a General Woodworking Co.

D. Michael Coyle, Huddleston, VanZant & Coyle, Elizabethtown, for Climate Control of E'Town, Inc., James Matthews, d/b/a E'Town Glass Co.

Richardson, Barrickman & Dickinson, Glasgow, for Charles White Company, Inc.

Pate, Richardson & Bailey, Elizabethtown, for Howard W. Pence, Inc.

John J. Scott, Bondurant, Whitlow, Scott & O'Dell, Elizabethtown, for Bob Reeves, d/b/a Bob's Sign Service.

Robert H. Kennedy, Frankfort, for Commonwealth of Kentucky Dept. of Human

Resources ex rel. Division of Unemployment Insurance.

Karl H. Crandall, Bowling Green, for Tractor Supply Co.

Before GANT, VANCE and WILHOIT, JJ.

GANT, Judge.

Watkins Investments, a limited partnership, executed a promissory note and securing mortgage to the appellant, this being a construction loan. The terms of the note provided for payment of interest only from September 1, 1974, to February 1, 1975, for installment payments from March 1, 1975, to January 1, 1977, and payment of the unpaid principal and any accrued interest on February 1, 1977. Additionally, a construction loan agreement was executed between Watkins and appellant. The promissory note was for "the principal sum of One Hundred Ninety-Three Thousand and No/100 Dollars ($193,000.00), or as much thereof as may be advanced, with interest thereon computed from the date of each advance at the rate of ten per cent (10%) per annum until paid . . ." The construction agreement provided that if the borrower abandoned the project or failed to complete the work, the lender, at its option, could enter and complete the project, apply undisbursed sums toward retirement of the principal or disburse such funds to pay for work not previously paid for.

In December, 1974, it became evident that Watkins was financially unable to proceed and had defaulted, which was known to appellants and various persons who had furnished labor and materials. Many of the latter filed liens against the property and are the appellees herein. At this point, appellants had advanced the sum of $152,503.00 under the terms of the various instruments. Appellants, pursuant to the construction agreement, took control of the property and made additional advancements in the amount of $30,268.08 in order to finish the project and protect an existing lease, these advancements being made with knowledge of the claims and liens of the appellees.

The sole question presented to this Court is whether the advancements of $30,268.28 made by the appellants after receiving notice of intervening mechanics' liens and after all parties knew of Watkins' default entitled the appellant to a first and superior lien for that sum. There is no question concerning the $152,503.00 advanced prior to the liens and prior to default. Nor do the lien holders contend that they have a superior lien, the lower court having placed all liens on equal footing with the advance and the lienholders not having cross-appealed. The Court, in passing, compliments the Hon. L. A. Faurest, who acted as Special Commissioner, for an excellent report.

The facts of this case clearly disclose that the construction loan by the appellant to Watkins was a discretionary loan and not an obligatory loan. The note called for the payment of $193,000.00 "or so much thereof as may be advanced." This is in contrast to the obligatory loan found in *Professional Constructors, Inc. v. Merchants National Bank & Trust Co.*, Ky.App., (Dec. 9, 1977). However, the law set out in that case as dictum is, in our opinion, the law in Kentucky. As we said in that case:

. . . where the lender is required by the terms of the mortgage and accompanying papers to lend "up to" a specific sum, making it an optional mortgage, the lender has a first and superior lien where the mortgage is recorded prior to the commencement of labor or furnishing of materials only to the extent of the sums advanced prior to default.

In *Kentucky Lumber and Mill Work Co. v. Kentucky Title Savings Bank & Trust Co.*, 184 Ky., 244, 211 S.W. 765 (1919), the court stated:

The mortgage . . . attached to the property as the advancements under it were made, and . . . it could only be enforced to the extent of the advancements made as against the mortgagor. It did not become a mortgage "for value" until the money it was intended to secure was advanced by the mortgagee.

* * * * * *

It does not seem equitable that the mortgagee with notice of the equities of the materialmen and laborers against the property should be permitted to destroy the effectiveness of their liens, and thereby make its own security sufficient at their expense.

See also annotation in 80 A.L.R.2d 179 (1961).

The judgment of the lower court is affirmed.

All concur.